BEATTY, Retired Justice.
This case has been before this court on two previous occasions. See Hudson v. Hudson, 701 So.2d 13 (Ala.Civ.App.1997), and Hudson v. Hudson, 682 So.2d 514 (Ala.Civ.App.1996) (table). Our supreme court has transferred this case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On September 12, 1997, Larry Collins and C. Blake West, the attorneys who had represented Kenneth W. Hudson as executor of the estate of Curtis W. Hudson, deceased, filed motions to fix and award attorney fees for the services rendered.
*349 After a hearing, the trial court entered “judgments,” dated November 3, 1997, allowing West to recover from the estate of Curtis Hudson, deceased, $29,015.00 in attorney fees, and allowing Collins to recover from the estate of Curtis Hudson, deceased, $3,275.97 in attorney fees. In these “judgments,” the trial court also granted liens “on any property in the estate, including the mortgage on the real property” and “on the [92.4 acres, more or less, of] real property, whether in the name of CURTIS HUDSON; The Estate of CURTIS HUDSON, Deceased; KENNETH HUDSON, Executor of the Estate of Curtis Hudson, [deceased]; or KENNETH HUDSON, individual[ly].”
On December 3, 1997, Kenneth Hudson, individually and as executor of the estate of Curtis W. Hudson, deceased (Kenneth Hudson is hereinafter referred to as “Hudson”), moved to set aside the judgments of November 3, 1997. West and Collins filed responses in opposition to that motion. Thereafter, Hudson filed an amended motion to set aside the judgments and a brief and affidavits in support of that motion.
After a hearing, the trial court denied Hudson’s motion to set aside the judgments. Hudson appealed.
It is well settled that “attorney fees are recoverable only when authorized by statute, when provided in a contract, or by special equity.” Blankenship v. City of Hoover, 590 So.2d 245, 250 (Ala.1991). Attorney fees are recoverable in estate cases, pursuant to Ala.Code 1975, § 43-2-682, which provides:
“Upon any annual, partial or final settlement, made by any administrator or executor, the court having jurisdiction thereof ... may also fix, determine and allow an attorney’s fee or compensation to be paid from such estate to attorneys representing such administrator or executor, for services rendered to the time of such settlement.”
The record does not disclose that there has been any partial or final settlement of the estate. Consequently, West’s and Collins’s motions to fix and award attorney fees for services rendered to the estate were premature. Accordingly, the “judgments” of the trial court, dated November 3, 1997, were premature and are not final “judgments” from which an appeal lies. See Rule 54, Ala. R. Civ. P. Thus, the appeal must be dismissed.
While this finding is dispositive of this appeal, we respectfully point out that the trial court had no authority to grant a lien against the real property of Hudson individually because the case below concerned only the property of the estate itself. Additionally, the trial court had no authority to grant a lien against that certain 92.4 acres of real property cited in the trial court’s order, because this court has determined previously that that property was not included in the estate. See Hudson, 701 So.2d 13.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
APPEAL DISMISSED.
All the judges concur.